IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER GRZYBOWSKI<br>1361 Morgans Ridge Lane<br>Crownsville, Maryland 21032 | * * * | |
| *Plaintiffs* | * | |
| v. | * | Case No.: |
| UNIVERSITY OF MARYLAND<br>MEDICAL SYSTEM CORPORATION<br>250 W. Pratt St., 24th Floor<br>Baltimore, Maryland 21201 | * * * | |
| And | * | |
| KATHERINE SEMENOVA<br>250 W. Pratt St., 24th Floor<br>Baltimore, Maryland 21201 | * * | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S COMPLAINT**

COME NOW the Plaintiff, Alexander Grzybowski, by and through his attorney, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and hereby sues the Defendants, University of Maryland Medical System Corporation and Katherine Semenova. In support thereof, Plaintiffs state as follows:

**PARTIES, JURISDICTION, & VENUE**

1. Plaintiff is a resident of Maryland.

2. Defendant University of Maryland Medical System Corporation ("UMMS") is a corporate entity organized under the laws of the State of Maryland.

3. Defendant Katherine Semenova ("Katherine") is a resident of Maryland.

4. Venue is proper before this Honorable Court, as the Maryland is the locale in which all events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

5. Jurisdiction is proper before this Honorable Court as Plaintiff has asserted violations of federal statutes and other such claims that are so related as to form part of the same case or controversy. 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## FACTS COMMON TO ALL COUNTS

6. At all times relevant hereto until otherwise indicated, Plaintiff was an employee of Defendant UMMS and a co-worker of Defendant Katherine.

7. More specifically, Plaintiff previously worked as a secretary for Defendant UMMS, while Defendant Katherine was a nurse that worked alongside the Plaintiff and for Defendant UMMS.

8. Starting around or about December 2021, Plaintiff began to experience sexual harassment from Defendant Katherine.

9. The harassment started out as gentle and unexpected touching and "accidental" contact, but it soon escalated to obscene levels, including, but not limited to, an incident where Defendant Katherine began stroking Plaintiff's inner thigh and his genitalia without his consent.

10. Plaintiff made it clear to Defendant Katherine that he was not comfortable with these actions in a workplace setting and that he felt as if he were being sexually harassed by her.

11. Subsequently, Plaintiff reported Defendant Katherine's actions to Defendant UMMS.

12. Unfortunately, Defendant UMMS dismissed Plaintiff's accusations as unfounded and indicating that, even if they had occurred, it would not constitute sexual harassment because Plaintiff "wanted" Defendant Katherine's behavior to occur and continue.

13. Accordingly, Defendant UMMS failed to take any action to correct Defendant Katherine's behavior or prevent the same from occurring in the future.

14. Following Defendant UMMS's failure to act, Defendant Katherine, on at least one occasion, continued her sexual harassment of the Plaintiff by approaching Plaintiff from behind and groping his buttocks in passing.

15. Plaintiff continued to report the ongoing harassment to Defendant UMMS, who again refused to address his concerns and, instead, placed him on forced leave and demanded he receive a psychiatric evaluation before returning to work.

16. Shortly after passing the psychiatric evaluation, Plaintiff felt that he could no longer continue to work for Defendant UMMS in light of its refusal to address his concerns about sexual harassment, as well as its retaliation against him, and resigned.

17. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, that being Charge No. 531-2022-03648, and received his Right to Sue Letter on April 20, 2023.

## COUNT I
### (Sexual Harassment, 42 U.S.C. § 2000e-2)
### (Defendant UMMS)

18. Plaintiff realleges and incorporate by reference all preceding paragraphs as if fully stated herein.

19. An employer may not subject an individual to harassment, including sexual harassment. 42 U.S.C. § 2000e-2(a)(1).

20. Plaintiff experienced unwelcome sexual harassment by way of the actions of Defendant Katherine, primarily by way of Defendant Katherine's unwelcome physical touching of Plaintiff's person, including both his genitalia and buttocks.

21. The harassment was sexual in nature.

22. Plaintiff reported the harassment to Defendant UMMS, who failed to take any immediate or effective remedial action, instead accusing Plaintiff of having "wanted" the conduct.

23. The harassment, as well as Defendant UMMS's failures to address the same, made Plaintiff exceeding uncomfortable and was viewed by Plaintiff has having created an abusive and hostile atmosphere where he was not physically safe at work.

24. Therefore, Defendant UMMS is liable to Plaintiff for sexual harassment by way of a hostile work environment.

25.     As a direct and proximate result of the sexual harassment, Plaintiff has sustained, and continues to sustain, damages, including significant emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant UMMS in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT II
### (Sexual Harassment, Md. Code Ann., State Gov't § 20-606)
### (Defendant UMMS)

26.     Plaintiff realleges and incorporate by reference all preceding paragraphs as if fully stated herein.

27.     An employer may not subject an employee to harassment. Md. Code Ann., State Gov't § 20-606(a)(5).

28.     Harassment, as defined under Maryland law, includes sexual harassment. § 20-601(h).

29.     Sexual harassment, as defined under Maryland law, includes conduct, which need not be severe or pervasive, that consists of conduct of a sexual nature when, among other things, that conduct, based on the totality of the circumstances, unreasonably creates a working environment that a reasonable person would perceive as having been abusive or hostile.

30.     An employer is liable for harassment of an employee if its negligence led to the harassment or continuance of the same. § 20-611.

31. Plaintiff experienced unwelcome sexual harassment by way of the actions of Defendant Katherine, primarily by way of Defendant Katherine's unwelcome physical touching of Plaintiff's person, including both his genitalia and buttocks.

32. The harassment was sexual in nature.

33. Plaintiff reported the harassment to Defendant UMMS, who failed to take any immediate or effective remedial action, instead accusing Plaintiff of having "wanted" the conduct.

34. Defendant UMMS was negligent in handling the reports by Plaintiff by way of its failure to take any immediate or effective remedial action.

35. The harassment, as well as Defendant UMMS's failures to address the same, made Plaintiff exceeding uncomfortable and was viewed by Plaintiff has having created an abusive and hostile atmosphere where he was not physically safe at work.

36. Therefore, Defendant UMMS is liable to Plaintiff for sexual harassment.

37. As a direct and proximate result of the sexual harassment, Plaintiff has sustained, and continues to sustain, damages, including significant emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant UMMS in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT III
### (Retaliation)
### (Defendant UMMS)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

39. An employer may not retaliate against an individual for engaging in protected activity. 42 U.S.C. § 2000e-3(a); Md. Code Ann., State Gov't § 20-606(f).

40. Plaintiff engaged in protected conduct when he reported Defendant Katherine's sexual harassment and likewise opposed the same.

41. Subsequent to Plaintiff's reports of the sexual harassment, Plaintiff was placed on administrative leave and forced to undergo a psychiatric evaluation by Defendant UMMS as a condition of returning to work.

42. Defendant UMMS directly cited Plaintiff's complaints against Defendant Katherine as the basis for their actions and Plaintiff's forced leave.

43. Therefore, Defendant UMMS committed retaliation against the Plaintiff.

44. As a direct and proximate result of the sexual harassment, Plaintiff has sustained, and continues to sustain, damages, including significant emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant UMMS in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

## COUNT IV
### (Battery)
### (Defendant Katherine)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

46. Defendant Katherine intended the offensive touching she inflicted upon Plaintiff's person and likewise intended to cause the offensive touching.

47. The repeated groping and touching of Plaintiff by Defendant Katherine were intentional acts.

48. Plaintiff did not permit or offer consent to the offensive touching committed by Defendant Katherine.

49. Therefore, Defendant Katherine committed a battery against the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Katherine, in an amount in excess of $75,000.00, plus pre- and post-judgment interest, punitive damages, attorneys' fees, and costs.

## COUNT V
### (Negligent Supervision and Retention)
### (Defendant UMMS)

50. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

51. Defendant UMMS had a duty to its employees, including the Plaintiff, to use reasonable care in supervising and retaining its employees.

52. Defendant Katherine was, at all times relevant hereto, an employee of Defendant UMMS.

53. Defendant Katherine, while acting as an employee of Defendant UMMS, committed deliberate and intentional sexual acts against Plaintiff.

54. These acts were reported to Defendant UMMS, who took no effective or immediate remedial actions to prevent further such acts.

55. Likewise, Defendant Katherine was allowed to continue to work for Defendant UMMS.

56. Defendant UMMS continued to fail to properly supervise Defendant Katherine, which allowed Defendant Katherine to continue to sexually harass Plaintiff and likewise commit further battery of Plaintiff.

57. This failure was a breach of Defendant UMMS's duty to its employees, including Plaintiff, to use reasonable care in supervising and retaining its employees.

58. As a direct and proximate result of Defendant UMMS's negligence, Plaintiff was battered by Defendant Katherine and has suffered, and continues to suffer, significant emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant UMMS in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, attorneys' fees, and costs.

Respectfully Submitted,

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.
Bar No. 20459
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff respectfully requests a trial by jury as to all issues raised herein.

*/s/Christopher J. Smith*
Christopher J. Smith, Esq.